IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:16-CR-145-TAV-HBG |
| DEANGELO LEMONT DOSS, | ) | |
| MARIO LAMBERT, and | ) | |
| SIR TYRONE LOVE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on April 11, 2018, for a scheduled pretrial conference and motion hearing on three pending motions: (1) Defendant Lambert's Motion to Continue Trial [Doc. 76], (2) Defendant Love's Motion to Continue Trial [Doc. 77], and Defendant Doss's Motion to Adopt Motion to Continue Trial [Doc. 80]. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the Government. Attorney Kimberly A. Parton represented Defendant Deangelo Lemont Doss. Attorney Joseph A. Fanduzz represented Defendant Mario Lambert, who was present for the hearing. Assistant Federal Defender Jonathan A. Moffatt represented Defendant Sir Tyrone Love. Defendants Love [Doc. 79] and Doss [Doc. 82] were excused from attending the hearing.

The Defendants ask to continue the April 24 trial date to give defense counsel additional time to negotiate and finalize plea agreements or, failing that, to prepare for trial. Defendant Lambert states [Doc. 76] that he and his codefendants are charged with robbing a cellular telephone store in Knoxville, Tennessee, on November 22, 2016. He says that he is also

accused in over ten other robberies of cellular telephone stores in other districts. Defendant Lambert states that counsel has attempted but ultimately failed to negotiate a global agreement with all involved districts. He states that he needs additional time to determine how to proceed in this case, now that the global agreement is off the table. Moreover, he states that defense counsel will need additional time to prepare for trial, if an agreement cannot be reached in this case.

Defendant Love contends [Doc. 77] that his charges will likely be resolved by a plea agreement but that the parties have yet to reduce an agreement to writing due to the complex nature of the negotiations. He asks that the trial be continued to give him an opportunity to resolve this case by agreement or to prepare for trial. Both motions to continue state that the Government does not oppose the requested relief. Defendant Doss states [Doc. 80] that he is similarly situated to Defendant Love and asks to join in his motion.

At the motion hearing, the Defendants stood on the reasons presented in their motions. All defense counsel agreed that their clients were waiving their speedy trial rights with respect to these motions. AUSA Davidson said the Government did not oppose the motions to continue. The parties agreed on a new trial date of July 31, 2018.

The Court finds the joint motions for a continuance to be unopposed and well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Superseding Indictment [Doc. 30] charges the Defendants with a Hobbs Act robbery and with brandishing firearms in furtherance of that robbery. The Defendants state that they are also facing robbery charges in multiple other districts. Counsel for all parties have been working to negotiate "global" plea agreements that would resolve the pending charges in all districts. Defendants Love and Doss have apparently reached an oral agreement, at least with respect to the instant charges, but counsel

2

Case 3:16-cr-00145-TAV-JEM    Document 83    Filed 04/13/18    Page 2 of 4    PageID #: 604

for these Defendants need additional time to reduce the agreements to writing and to advise their clients with regard to the written agreements. Defendant Lambert seeks to continue negotiations with regard to the instant charges and to confer with counsel about the potential ramifications in this and other districts of any agreement made. All defense counsel need time to prepare for trial in the event that plea negotiations fall through. The Court finds that all of this cannot take place in the two-week period before the April 24 trial date or in less than three and one-half months. Thus, the Court finds that the failure to grant a continuance would deprive defense counsel of the reasonable time necessary to prepare for trial despite their use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the motions [**Docs. 76 & 77**] to continue the April 24, 2018 trial date are **GRANTED**. Defendant Doss's motion [**Doc. 80**] to join in the motions to continue is also **GRANTED**. The trial of this matter is reset to **July 31, 2018**. The Court also finds that all the time between the filing of Defendant Lambert's motion on **April 2, 2018**, and the new trial date of **July 31, 2018**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The parties are to appear before the undersigned for a final pretrial conference on **July 17, 2018, at 1:00 p.m.** This date shall also be the new deadline for providing reciprocal discovery. The Government did not request a plea deadline in this case. The Court instructs the parties that all motions *in limine* must be filed no later than **July 16, 2018**. Special requests for jury instructions shall be submitted to the Chief District Judge no later than **July 20, 2018**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Defendants' motions to continue the trial [**Docs. 76 & 77**] are **GRANTED**. Defendant Doss's motion [**Doc. 80**] to adopt the motion to continue the trial is also **GRANTED**;

3

(2) The trial of this matter is reset to commence on **July 31, 2018**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, Chief United States District Judge;

(3) All time between the filing of Defendant Lambert's motion on **April 2, 2018**, and the new trial date of **July 31, 2018**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) Motions *in limine* must be filed no later than **July 16, 2018**;

(5) A final pretrial conference before the undersigned is set for **July 17, 2018, at 1:00 p.m.** This date is also the deadline for providing reciprocal discovery; and

(6) Special requests for jury instructions with appropriate citations shall be submitted to the Chief District Judge by **July 20, 2018**.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge